UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY OLIVER,<br><br>        Plaintiff,<br><br>    v.<br><br>DDS LEGAL SUPPORT SYSTEMS, INC., *et al.*,<br><br>        Defendants. | Case No. 2:24-cv-0514-KJM-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Pending before the court are various motions. Of consequence to this order is plaintiff's motion to voluntarily dismiss this action without prejudice. All but two remaining defendants do not oppose plaintiff's request. The opposing defendants—All-N-Out Legal Support, Inc. ("All-N-Out") and Pacific Coast Legal Services, Inc. ("Pacific")—ask that this action be dismissed with prejudice. Because the court finds that defendants will not suffer plain legal prejudice, the court recommends that this action be dismissed pursuant to 41(a)(2) and that all other pending motions be denied as moot.

**Procedural History**

On February 28, 2024, plaintiff, a former Georgia state inmate proceeding pro se, filed a first amended complaint alleging claims against twenty defendants; DDS Legal Support, Inc.; Eddings Attorney Support Services; Cal West Attorney Services; Bay Area File, LLC; WIN-WIN ALSSI, Inc.; Legal Visit, Inc.; True Legal Support, Inc.; USA Express Legal & Investigative

1

1    Services, USA Express, Inc.; Nationwide Legal Support, Inc.; Pacific Coast Legal Services; All-
2    N-One Legal Support, Inc.; Advanced Microsystems Group; Legal Document Server, Inc.;
3    BFRM Legal Support Services; Signal Attorney Services, Inc.; Discovery Legal Retrieval and
4    Process Service, LLC; SERVEPRO-Legal, Laguna Legal, Inc.; and Sables Servco, LLC.  After
5    several defendants filed answers, plaintiff filed notices of voluntary dismissal for certain
6    defendants.  *See, e.g.*, ECF No. 23 (answer by USA Express, Inc.) & ECF No. 38 (plaintiff's
7    notice of voluntary dismissal of USA Express, Inc.); ECF No. 24 (answer by Discovery Legal
8    Retrieval and Process Service, LLC) & ECF No. 31 (plaintiff's notice of voluntary dismissal of
9    Discovery Legal Retrieval and Process Service, LLC).
10         After the docket became replete with these various answers/dismissal filings, plaintiff
11   filed a notice of voluntarily dismiss of the entire action, which explained that he no longer wished
12   to pursue this case because he recently broke his back in two places and must undergo emergency
13   surgery.  ECF No. 100.  At the of time of plaintiff's filing, only defendants Cal West Attorney
14   Services; WIN-WIN ALSSI, Inc.; Legal Visit, Inc.; USA Express Legal & Investigative Services;
15   USA Express, Inc.; Nationwide Legal Support, Inc.; Pacific; All-N-One; BFRM Legal Support
16   Services; Signal Attorney Services, Inc.; Discovery Legal Retrieval and Process Service, LLC;
17   SERVEPRO-Legal; and Sables Servo, LLC remained in the case.  Because some of these
18   defendants had filed answers prior to plaintiff filing his notice of voluntary dismissal, plaintiff
19   could not unilaterally dismiss this case.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i) (allowing a plaintiff to
20   voluntarily dismiss an action without a court order by filing "a notice of dismissal before the
21   opposing party serves either an answer or a motion for summary judgment").  Accordingly, the
22   court ordered the remaining defendants either to file a document stipulating to dismissal of this
23   action without prejudice pursuant to Rule 41(a)(1)(A)(ii) or to respond otherwise to plaintiff's
24   request for dismissal.  ECF No. 101.  The court also notified defendants that if they declined to
25   stipulate, the court may dismiss the action based on plaintiff's request, "on terms that the court
26   considers proper."  *Id.* at 2 (quoting Fed. R. Civ. P. 41(a)(2)).
27         USA Express Legal & Investigative Services, Inc., ECF No. 102, and Sables Servo, LLC,
28   ECF No. 103, stipulated to dismissal without prejudice.  Cal West Attorney Services; WIN-WIN

2

1  ALSSI, Inc.; Legal Visit, Inc.; USA Express, Inc.; Nationwide Legal Support, Inc; BFRM Legal
2  Support Services; Signal Attorney Services, Inc.; Discovery Legal Retrieval and Process Service,
3  LLC; SERVEPRO-Legal did not file a response to plaintiff's request or the court's order. Pacific,
4  ECF Nos. 104, 106, & 107, and All-N-One Legal Support, Inc., ECF No. 105, filed requests that
5  this case be dismissed with prejudice.

**Rule 41(a)(2) Dismissal**

Since all remaining defendants have not stipulated to dismissing the case without prejudice, the court construes plaintiff's notice of voluntary dismissal as a request for dismissal pursuant to Rule 41(a)(2).

Rule 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The phrase "terms that the court considers proper" provides district courts the discretion to dismiss with or without prejudice. *See Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002). When confronted with a motion for voluntary dismissal pursuant to Rule 41(a)(2), the court must determine: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).

A court should grant a Rule 41(a)(2) motion for "dismissal without prejudice unless the defendant will suffer clear legal prejudice, other than the prospect of a subsequent suit on the same facts." *Phillips v. Illinois Central Gulf Railroad*, 874 F.2d 984, 986 (9th Cir. 1989). The Ninth Circuit interprets "legal prejudice" to mean "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). The Ninth Circuit has explained that "[u]ncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not result in plain legal prejudice. *Id.* at 96-97. Plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

Courts consider the following factors in determining whether dismissal should be with or without prejudice: "(1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need to dismiss." *Fraley v. Facebook, Inc.*, 2012 WL 893152, at *3 (N.D. Cal. Mar. 13, 2012) (quoting *Burnette v. Godshall*, 828 F. Supp. 1439, 1443-44 (N.D. Cal. 1993)).

### All-N-One and Pacific's Opposition

All-N-One asks that the court dismiss the action with prejudice and declare plaintiff a vexatious litigant, and Pacific asks that the court dismiss this action with prejudice. ECF Nos. 104 & 105. Because both parties advance the same arguments, the court will address their requests together.

All-N-One and Pacific first argue that dismissal with prejudice is warranted because plaintiff did not diligently seek dismissal. ECF No. 104 & 105. They point out that litigation has progressed, many defendants have appeared, and several motions are pending. However, this action is in its infancy, having been filed less than a year ago. Indeed, plaintiff filed for dismissal six months after he filed his first amended complaint. At this point, there has been no scheduling order, and no trial date is set. The effort that was expended by the parties has not been excessive. *See Jones v. Ayon*, No. 1:21-CV-00809-JLT-SAB (PC), 2024 WL 4437629, at *2 (E.D. Cal. Oct. 7, 2024) (finding no excessive delay and lack of diligence by the plaintiff seeking to dismiss the action, despite defendants having filed a motion for summary judgment).

Next, All-N-One and Pacific argue that plaintiff has engaged in vexatious conduct, warranting dismissal with prejudice.[1] Notably, neither All-N-One nor Pacific cite any Ninth Circuit authority that addresses whether dismissal should be with or without prejudice due to a plaintiff's purported "undue vexatiousness." ECF No. 104 at 4; ECF No. 105 at 6. In any event, even if the court were to consider plaintiff's allegedly vexatious conduct, which may have

---

[1] All-N-One requests that the court declare plaintiff a vexatious litigant. The court will not consider that request; it was tucked into an opposition to an unrelated motion, and it was not properly noticed pursuant to Local Rule 230(l).

4

resulted in plaintiff's vexatious litigant designation in other courts, I am unpersuaded that dismissal should be with prejudice. Plaintiff has not been declared a vexatious litigant by this court. There is nothing in the record supporting All-N-One's contention that plaintiff is "judge shopping" and filed the instant action in this district as an attempt to evade his vexatious status elsewhere. Plaintiff's first amended complaint alleges claims about a court proceeding that happened in *this* district. *See* ECF No. 7. Accordingly, it seems appropriate that plaintiff filed his action here.

Finally, All-N-One and Pacific argue that plaintiff has not explained why this action should be dismissed without prejudice. Plaintiff states in this request that he broke his back in two places and needs emergency surgery. That is sufficient explanation.

Because All-N-One and Pacific have not demonstrated that they will suffer some plain legal prejudice, the court recommends that this action be dismissed without prejudice.

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion to voluntarily dismiss, ECF No. 100, be GRANTED.

2. This action be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

3. All pending motions, ECF Nos. 53, 59, 70, 82, 83, 86, 113, & 114, be DENIED as moot.

4. The Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

5

IT IS SO ORDERED.

Dated:    January 27, 2025             /s/ Jeremy Peterson
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE